IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MARIO CRAPPS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

  Appellant,

v.

CASE NO. 1D14-4569

STATE OF FLORIDA,

  Appellee.

_____/

Opinion filed December 8, 2015.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Nancy A. Daniels, Public Defender, and Jennifer S. Morrissey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and David Campbell, Assistant Attorney General, Tallahassee, for Appellee.

WETHERELL, J.

  Appellant was convicted of violating an injunction for protection against stalking (count I) and unauthorized computer use (count II).  In this appeal, he

challenges only his conviction on count II, which we reverse for the reasons that follow.

The undisputed evidence presented at trial established that Appellant logged into his ex-girlfriend's Instagram account and posted nude photographs of her without her permission. The sole issue raised by Appellant on appeal is whether these actions constitute a violation of section 815.06(1)(a), Florida Statutes (2013), the statute under which he was charged. On this record, we hold that they do not.

Section 815.06 was enacted in 1978, long before the advent of the Internet and the proliferation of social media accounts such as Instagram. The statute has remained virtually unchanged since its original enactment, and at the time of the events giving rise to this case, the statute provided in pertinent part that "[w]hoever willfully, knowingly, and without authorization [a]ccesses or causes to be accessed any computer, computer system, or computer network . . . commits an offense against computer users." § 815.06(1)(a), Fla. Stat. (2013). The operative terms in the statute – "computer," "computer system," and "computer network" – were defined as follows:

> (2) "Computer" means an internally programmed, automatic device that performs data processing.
>
> *   *   *
>
> (4) "Computer network" means any system that provides communications between one or more computer systems and its input or output devices, including, but not

2

limited to, display terminals and printers that are connected by telecommunication facilities.

*   *   *

(7) "Computer system" means a device or collection of devices, including support devices, one or more of which contain computer programs, electronic instructions, or input data and output data, and which perform functions, including, but not limited to, logic, arithmetic, data storage, retrieval, communication, or control. The term does not include calculators that are not programmable and that are not capable of being used in conjunction with external files.

§ 815.03, Fla. Stat. (2013).

As he did below,[1] Appellant argues on appeal that the ex-girlfriend's Instagram account does not fall within any of these statutory definitions. The State responds that because the Instagram account is stored on a computer device somewhere in the Internet, Appellant violated the statute when he uploaded the

---

[1] The parties briefed the issue raised on appeal as if it was unpreserved. However, after the close of the evidence and before the case was submitted to the jury, Appellant's trial counsel preserved the issue by arguing:

[T]he evidence shows that [Appellant] hacked into [his ex-girlfriend's] Instagram account and that's a social media website that's in [the] Internet somewhere, Cloud somewhere. It's not – you can access it by computer, but it's not part of the computer. In light of it, Judge, I don't think that Count II actually can be proven by the State in light of the fact that in this case a computer was not accessed. We're talking about something that's in the Internet. So, for that reason, Judge, I'm moving for a judgment of acquittal.

nude photographs to the account without his ex-girlfriend's permission. On this record, we agree with Appellant.

The plain language of the statutory definitions of "computer," "computer system," and "computer network" refer to tangible devices, not the data and other information located on the device. Thus, to prove a violation of section 815.06(1)(a) the State must establish that the defendant accessed one of the listed tangible devices without authorization, not that the defendant accessed a program or information stored on the device without authorization. See Rodriguez v. State, 956 So. 2d 1226, 1230 (Fla. 4th DCA 2007) (reversing conviction under section 815.06 because evidence only established that the defendant accessed a "computer function" that he was not authorized to access).

Here, the charge against Appellant was based only on the unauthorized access of his ex-girlfriend's Instagram account, not the computer server on which the account is presumably located. We say "presumably" because the only evidence in the record explaining what Instagram is was the ex-girlfriend's testimony that it is a form of social media and "a place where you post pictures [and] your friends get to see it." Nothing in the record establishes or explains how accessing an Instagram account works from a technological perspective, leaving unanswered whether or how Appellant's actions amounted to accessing a specific computer, computer system, or computer network. Accordingly, in this case, the

4

State failed to provide the necessary evidentiary foundation to prove that Appellant's actions violated section 815.06(1)(a).

We do not foreclose the possibility that the State could present sufficient evidence to prove a violation of section 815.06 for unauthorized, sexually-explicit Internet postings such as those in this case. However, we also note that the State now has an additional tool to prosecute similar acts of so-called "revenge porn" or "sexual cyberharassment" because the Legislature recently enacted section 784.049, Florida Statutes, to specifically prohibit the publication of sexually-explicit images of a person on the Internet without his or her consent. <u>See</u> ch. 2015-24, Laws of Fla. (effective Oct. 1, 2015); Fla. S. Comm. on Rules, SB 538 (2015) Staff Analysis, at 2 (Apr. 9, 2015), available at http://www.flsenate.gov/ Session/Bill/2015/0538/Analyses/2015s0538.rc.PDF (explaining that this new statute was needed because "Florida law does not specifically prohibit posting pictures of a nude adult person on the Internet for viewing by other adults if the picture was taken with the knowledge and consent of the person").

In sum, for the reasons stated above, we reverse Appellant's conviction for count II, unauthorized computer use. In all other respects, we affirm Appellant's judgment and sentence.

AFFIRMED in part; REVERSED in part.

LEWIS and MAKAR, JJ., CONCUR.